IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA G. FRANKLIN, SR.,<br><br>  Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director, et al.,<br><br>  Defendants. | 8:16CV470<br><br><br>MEMORADUM<br>AND ORDER |

Plaintiff filed his Complaint on October 17, 2016. (Filing No. 1.) He was granted leave to proceed in forma pauperis. (Filing No. 7.) For the reasons that follow, the court will require Plaintiff to file an amended complaint, or face dismissal of this action.

## DISCUSSION

The court has carefully reviewed Plaintiff's Complaint and finds that the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8. A complaint must state enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotation omitted). Although a pro se plaintiff's allegations should be liberally construed, pro se litigants must comply with the Federal Rules of Civil Procedure. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law").

Plaintiff's Complaint is forty-one pages long and names thirty-five defendants, including "John Does 1-10." Moreover, although he pleads specific

"legal theories" (deliberate indifference to medical needs, failure to protect, failure to train, and retaliation) in his Complaint, it appears that Plaintiff's primary concern is that various defendants denied his grievances. (*See* Filing No. 1 at CM/ECF pp. 6-22, 24-34.) Defendants' denial of Plaintiff's grievances do not state a substantive constitutional claim. *See Lomholt v. Holder*, 287 F.3d 683 (8th Cir. 2002). Finally, even when liberally construed, Plaintiff's allegations suggest that staff did respond to his complaints and fears.

Out of an abundance of caution, the court will grant Plaintiff leave to file an amended complaint that clearly and concisely sets forth his claims for relief. Plaintiff should make certain that his amended complaint specifies ***how each named defendant personally participated*** in any alleged ***unconstitutional conduct***. Plaintiff is further advised that his amended pleading will supersede, rather than supplement, his Complaint.

IT IS THEREFORE ORDERED that: Plaintiff shall file an amended complaint no later than March 1, 2017. Should Plaintiff fail to do so, this action will be dismissed without further notice. The clerk of court is directed to set a case management deadline using the following text: March 1, 2017: check for amended complaint.

Dated this 30th day of January, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge